# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Coleman | Civil Action No. 6:15-cv-02086 |
| versus | Unassigned District Judge |
| Halcon Resources Corp., et al | Magistrate Judge Carol B. Whitehurst |

**ORDER**

Before the Court is Plaintiff's Motion To Reopen Time For Appeal [Rec. Doc. 66]. In his motion, Plaintiff moves to reopen the time for appealing the Ruling and Order dismissing defendant Halcon Operating Co. Inc. entered by the district court on June 8, 2017. Plaintiff contends he did not receive the Ruling and Order when it was issued and therefore did not file an appeal. Plaintiff further states that he learned of its issuance "in July of 2017," when defendant submitted to Plaintiff a copy of a motion for sanctions against him. *R. 53.* The record provides that Plaintiff filed an opposition to that motion on August 2, 2017, and that he noted he had not received the Ruling and Order.[1] Plaintiff contends that the Court should apply Federal Rule of Civil Procedure 4(a)(6) which allows the court to "reopen an appeal for a period of 14 days after the date when its order to reopen is entered." *R. 66.* Because Plaintiff's motion contains

---

[1] The Court's record establishes that the district court's Ruling and Order was mailed to Plaintiff at the address he provided to the Court, the same address at which he had received court documents before and after the mailing at issue.

an explanation for why it was late and asks the court for leave to file an out-of-time appeal, the Court will treat it as a motion to reopen the time to file the notice of appeal. *United States v. Hurst*, 426 Fed.Appx. 323, 324 (5th Cir.2011) (construing a motion for clarification as a motion for relief under Federal Rule of Appellate Procedure 4(a)(6).

Under Federal Rule of Appellate Procedure 4(a)(6), the district court can reopen the time to file a notice of appeal if three conditions are met: 1) a party did not receive notice of the entry of Order pursuant to Federal Rule of Civil Procedure 77(d) within twenty-one days of the Order's entry; 2) the party files a motion to reopen within 180 days after entry of the Order or within fourteen days of receiving Rule 77(d) notice, whichever is earlier; and 3) no party is prejudiced by reopening the time. Rule 4(a)(6) is permissive and compliance with Rule 4(a)(6) does not require the district court to grant the motion. *See In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992).

Here, the record provides that the Clerk of Court complied with F.R.C.P 77(d) by mailing a copy of the Ruling and Order to Plaintiff on June 8, 2017, at the address he provided to the Court.[2] *R. 46; 47.* Therefore, the first condition under Rule 4(a)(6) is not met. But even assuming *arguendo* that Plaintiff did not receive the Clerk of Court's mailing, Plaintiff did not even file this motion to reopen the appeal period

---

[2] The record demonstrates that the Clerk of Court mailed via the USPS the Ruling and Order to Plaintiff at P.O. Box 272, Washington, LA. 70589 on June 8, 2017.

within 14 days after he received notice of the Order. Rather, as he concedes in his Motion and as stated in his August 2, 2017 memorandum in opposition to the defendant's motion to compel, Plaintiff learned of the Ruling and Order when counsel for defendant mailed him a copy of the motion to compel—before August 2, 2017. Plaintiff did not file the motion for out-of-time appeal until November 7, 2017, more than 14 days after he alleges he learned of the Ruling and Order. Finally, the record confirms that allowing Plaintiff to appeal the Ruling and Order over five (5) months after being issued and mailed to him, would prejudice the defendant. On October 19, 2017, defendant's filed a motion for summary judgment, *R. 61*, which Plaintiff opposed, *R. 64*. The trial of this matter is scheduled for February 5, 2018 and all of the deadlines have run (the only deadlines remaining are those to prepare this case for trial).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Reopen Time For Appeal [Rec. Doc. 66] is **DENIED**.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 13th day of November, 2017.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**