UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DERRICK COLEMAN | CIVIL ACTION NO. 6:15-2086 |
| VERSUS | JUDGE WALTER |
| HALCÓN RESOURCES CORP., ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court in this personal injury suit involving a workplace accident is a Motion for Summary Judgment [Doc. #61] filed by Defendant Halcón Resources Corporation ("Halcón Resources"). Pursuant to its motion, Defendant seeks dismissal with prejudice of all claims asserted by *pro se* Plaintiff Derrick Coleman, on the basis that Defendant had "no involvement in or connection to the well where the alleged incident occurred," and therefore Defendant owed no duty to Plaintiff. *Id.* Defendant alternatively argues summary judgment is warranted, "because Plaintiff has no evidence to support several of the essential elements of his claims . . . ." *Id.* For the following reasons, the motion is GRANTED.

I. **Factual and Procedural Background**

Plaintiff filed this negligence suit against Halcón Resources Corporation and Halcón Operating Co., Inc. ("Halcón Operating") for injuries he alleges he incurred in a workplace accident. [Docs. #1, 27]. Plaintiff, a floor hand employed by Pioneer Well Services, LLC ("Pioneer"), was part of a Pioneer crew performing well-completion services on Black Stone Well 4H-2 ("Well"), located at or near Woodville, Mississippi. *See Coleman v. Halcon Res. Corp.*, No. 6:15-CV-2086, 2017 WL 2509151, at *1 (W.D. La. June 7, 2017); *see also* Doc. 61-2 at ¶¶ 5, 8-9. Pioneer was performing the

well-completion services pursuant to a Master Service Contract between Pioneer and Halcón Operating. *Id.* at 5; *see also* Doc. 61-2 at ¶ 8. The well was operated by Halcón Operating; it was owned by a third party, HK TMS, LLC.[1] [Doc. # 61-2 at ¶¶ 5, 17].

Plaintiff alleges on July 30, 2014, he was replacing a nut on the wellhead when he slipped and landed on the pointed handle of a needle valve, resulting in bodily injuries. *Coleman* at *1; *see also* Doc. #1 at ¶ 8. Following the incident, Plaintiff sought and received medical and indemnity benefits from Pioneer under the Louisiana Workers' Compensation Act ("LWCA"), La. R.S. 23:1020.1, *et seq. Id.* On July 21, 2015, Plaintiff filed this suit against Halcón Resources and Halcón Operating, seeking general tort damages for negligence. [Doc. #1].

After suit was filed, Halcón Resources and Halcón Operating filed a Motion for Summary Judgment [Doc. #36] seeking dismissal with prejudice of all claims asserted by Plaintiff, arguing Plaintiff was the statutory employee of both defendants at the time of the incident sued upon, and therefore movants were immune from suit in tort under Louisiana law. *Coleman* at *1. On June 7, 2017, the Court granted summary judgment in favor of Halcón Operating, finding it was Plaintiff's statutory employer under the Louisiana Workers' Compensation Act ("LWCA") by virtue of the Master Service Contract between Pioneer and Halcón Operating, and therefore Halcón Operating was immune from tort liability as a matter of law. *Id.* at *5-7. The Court denied summary judgment with regard to Halcón Resources, finding that entity was "not entitled to statutory employer status under the LWCA," as the Master Service Contract between Pioneer and Halcón Operating contained

---

[1] HK TMS, LLC is a subsidiary of Halcón Resources. *Coleman*, 2017 WL 2509151, at *1 n.3.

"no language extending statutory employer status to Halcón Resources. . . ."[2] *Id.* at *8.

Defendant Halcón Resources now seeks dismissal with prejudice of all claims asserted by Plaintiff, arguing it had no involvement in or connection to the well where Plaintiff alleges he was injured, and therefore it owed no duty to Plaintiff. Alternatively, Defendant argues summary judgment is warranted, because "Plaintiff has no evidence to support several of the essential elements of his claims. . . ." [Doc. 61]. The following facts are not in dispute[3]:

4. Halcón Resources has no physical assets, as it only owns interests in various subsidiaries and other entities.

5. Halcón Operating . . . was the designated operator of the . . . Black Stone 4H-2 well (the "Well").

. . . .

13. Halcón Resources had no involvement with the Well—it (i) did not own, operate, or manage the Well or equipment in question; (ii) did not employ, supervise, or control Plaintiff or his work; (iii) did not employ, supervise, or control any personnel working on the Well; and (iv) did not have any connection whatsoever to the facts giving rise to Plaintiff's claims.

. . . .

15. Halcón Resources had absolutely no involvement in, or connection to, the facts giving rise to Plaintiff's claims in this lawsuit because Halcón Resources:

---

[2] The Court recognized that Halcón Operating is a wholly-owned subsidiary of Halcón Resources. *Coleman* at *1 n.1 (citing Doc. #8 at 1). However, the Court rejected Halcón Resources' argument "that the statutory-employer provision/immunity [set forth in the Master Service Contract between Pioneer and Halcón Operating] extends to parent and affiliate companies," because the Court found the Master Service Contract at issue contained no language extending statutory employer status to Halcón Resources. *Id.* at 7-8.

[3] In this District, "Every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1. The party opposing summary judgment is required to submit "a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." Local Rule 56.2. Where the opposing party fails to comply with the foregoing requirement, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted...." *Id.* As Plaintiff did not comply with Local Rule 56.2, the Statement of Uncontested Material Facts submitted by Defendant [Doc. #61-2] is deemed admitted by Plaintiff.

a. Did not own or operate the Well in question;
b. Did not own or operate the subject drilling rig;
c. Did not enter into a contractual relationship with any entity regarding the work on the Well in question and did not direct or control the work of anyone working on the Well;
d. Did not own, operate, manufacture, sell, or repair any of the equipment at issue or any of the equipment on the Well in question;
e. Did not control or supervise any persons or services at the Well in question;
f. Did not have any involvement in where, how, when, or under what procedures the drilling services were conducted;
g. Did not instruct nor assign Plaintiff to any tasks, including the task that allegedly caused the incident;
h. Did not employ any of the individuals working on the Well; and
i. Did not employ Plaintiff or have any other relationship with Plaintiff, contractual or otherwise.

. . . .

18. Plaintiff acknowledges that Halcón Resources has no connection whatsoever to this case, and he only sued Halcón Resources because he felt "someone has to be responsible."

[Doc. #61-2 at 1-4 (footnotes omitted)]

## II. Standard of Review

"A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an

> absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party is a full trial on the merits warranted.

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations, quotation marks omitted). To satisfy this burden, the non-movant is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [its] claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)). "The nonmovant can satisfy its burden by tendering depositions, affidavits, and other competent evidence to buttress its claim." *Topalian* at 1131. "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Id.*; *see also Little v. Liquid Air Corp.*, 37 F.3d 1060, 1075 (5th Cir. 1994) (summary judgment burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence") (internal citations and quotation marks omitted).

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d

451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

## III.  Applicable Law

In a negligence cause of action decided under Louisiana substantive law, "[t]he duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability."[4] *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (alteration in original) (quoting *Lemann v. Essen Lane Daiqiris*, 2005-1095 (La. 3/10/06); 923 So.2d 627, 633). Under this analysis, the plaintiff must prove five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Lemann* at 633. The failure to prove any one of these elements results in a determination of no liability. *Id.*

"A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Morris v. Orleans Parish School Bd.*, 553 So.2d 427, 429 (La.1989) (quoting *Prosser and Keeton on the Law of Torts* (5th ed. 1984)). The Louisiana Supreme Court has further elaborated:

---

[4]Jurisdiction exists over this matter pursuant to 28 U.S.C. § 1332(a)(1) (Diversity of Citizenship). Accordingly, the Court applies Louisiana substantive law to the claims brought by Plaintiff. *DP Solutions, Inc. v. Rollings, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003).

> A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.

*Lemann* at 633.

## IV. Analysis

Defendant contends it owed no duty to Plaintiff, and therefore summary judgment in its favor is warranted. [Doc. #61-1 at 1]. According to Defendant, it owed no duty to Plaintiff "because it had absolutely no involvement in, or connection to, the facts giving rise to Plaintiff's claims in this lawsuit," based on the undisputed facts set forth above. [Doc. #61-1 at 13]. In opposition, while Plaintiff "concede[s] that technically Halcón Resources, Halcón Operating and HK TMS, LLC are separate entities," he nevertheless argues, "this should not release Halcón Resources from liability as it had substantial connections to and did, in fact, own, operate, supervise, and control everything at the well site." [Doc. #64 at 1]. In support, Plaintiff submits the following documents: (1) two corporate press releases issued in 2014 by Halcón Resources, *Id.* at 3-14; (2) Halcón Resources' Rule 26(a) Initial Disclosures, *Id.* at 15-22; (3) a document entitled "First Report of Injury," addressing Plaintiff's accident, *Id.* at 23; (4) the Declaration of Tim McDonald, Director of Risk Management for Halcón Resources, *Id.* at 24-25; (5) various documents from the Oil & Gas Board for the State of Mississippi, *Id.* at 26-28; and (6) a Certificate of Liability Insurance procured by Pioneer (i.e., the "Insured") in accordance with the Master Service Agreement between Halcón Operating and Pioneer, *Id.* at 29-30.

With regard to the press releases, Plaintiff notes:

> Just one month prior to this accident, Halcon Resources announced that it "has drilled the Black Stone 4H-2 (87% WI) well in Wilkinson County, Mississippi, in 28 days (spud to TD) with a 5,400' lateral. Completion operations are expected to commence this month." Ironically, on the same day as the accident, Halcon Resources announced to its investors and potential investors that "Halcón operated an average of two rigs in the TMS during the second quarter and expects to spud approximately eight operated wells in the play during the second half of 2014, while running two rigs." In the same announcement, Halcon states that it is a "nonoperated partner" on the TMS wells. It then states that "completion operations are ongoing on Halcón's second operated TMS well in Mississippi, the Black Stone 4H-2."

[Doc. 64 at 1-2 (footnotes omitted)].

In response, Defendant argues the press releases "constitute inadmissible hearsay under Rule 801 of the Federal Rules of Evidence, *et seq.*," and that the press releases have not been properly identified or authenticated, as required by Fed. R. Evid. 901.[5] [Doc. #71 at 2]. Assuming for present purposes that the press releases would be admissible at trial[6], they are insufficient to establish that Halcón Resources owed a duty to Plaintiff. The press releases generally discuss certain business of Halcón Resources and certain of its subsidiary companies. However, the documents do not contain any information as to the Well's owner or operator, daily operations at the Well, equipment or

---

[5]In support, Defendant cites to *Sullivan v. Chesapeake Louisiana, L.P.*, 2009 WL 3735798, *2 (W.D.La.), arguing in that case, "the U.S. District Court for the Western District of Louisiana held that these exact type of press releases were inadmissible hearsay." *Id.* In *Sullivan* however, the press releases were purportedly issued by third parties not involved in the lawsuit. In this matter, the press releases were issued by a party to the litigation, Halcón Resources, and therefore may be admissible as an opposing party's statement. *See* Fed. R. Evid. 801(d)(2); *see also Libertad v. Welch*, 53 F.3d 428, 443 n.12 (1st Cir.1995); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F.Supp.2d 966, 974 (C.D. Cal.2006).

[6]*See e.g. LSR Consulting LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) ("At the summary judgment stage, materials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'") (quoting Fed. R. Civ. P. 56(c)(2)); *Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (on summary judgment, while the court may consider evidence presented in a form that would not be admissible at trial, the proponent is required to explain the admissible form that is anticipated for trial).

personnel at the Well, or the facts giving rise to Plaintiff's claims.

Plaintiff submits the Rule 26(a) Initial Disclosures provided by Halcón Resources and Halcón Operating, alleging through these disclosures, "Halcón Resources admits that at least 8 employees identified were employees of either Halcón Resources or Halcón Operating, and that those employees would have knowledge of relevant facts concerning the accident." [Doc. #64 at 2]. Defendant contends Rule 26(a) disclosures are not proper summary judgment evidence. The Court finds the Rule 26(a) disclosures submitted by Plaintiff in this matter have no bearing on whether Halcón Resources owed a duty to Plaintiff. These disclosures contain only the names and contact information "of each individual likely to have discoverable information—along with the subjects of that information—that [Halcón Resources and/or Halcón Operating] may use to support [their] claims or defenses." *Id.* at 15; *see also* Fed. R. Civ. P. 26(a)(1)(i). This information is neither evidence nor facts, but rather is merely a disclosure designed to put the opposing party on notice of potential witnesses.

As to the document entitled "First Report of Injury," Defendant contends it is inadmissible hearsay because it does "not satisfy the requirements of a business record within the scope of Rule 803(6) of the Federal Rules of Evidence," and because it has not been properly authenticated pursuant to Fed. R. Evid. 901(a). [Doc. #71 at 3-4] Assuming for present purposes that this document would be admissible at trial, the report contains no substantive information linking Halcón Resources to the Well or the incident sued upon. Indeed, the only connection between the report and Halcón Resources appears to be that Halcón Resources' logo appears at the top of the form. However, nothing in that document provides evidence of a duty on behalf of Halcón Resources to Plaintiff, a breach of duty, or causation. Accordingly, the Court finds this document is insufficient

to support Plaintiff's claims against Halcón Resources.

Plaintiff submits the Declaration of Tim McDonald, Director of Risk Management for Halcón Resources, and notes McDonald "identifie[s] himself as an employee of Halcon Resources, not Halcon Operating." [Doc. #64 at 2]. This Declaration was previously submitted by Halcón Resources and Halcón Operating in connection with their prior motion for summary judgment, for the purpose of authenticating certain documents submitted in connection with that motion. [*See* Doc. #36-5 at 1-2]. Other than confirming Halcón Operating is a wholly-owned subsidiary of Halcón Resources, and that Pioneer performed work on the Well pursuant to the Master Service Contract between Halcón Operating and Pioneer, there is nothing in the Declaration showing Halcón Resources had any connection to the Well or Plaintiff's accident. As such, the Court finds this document has no bearing on whether Halcón Resources owed a duty to Plaintiff, whether Halcón Resources breached any alleged duty, or causation.

Plaintiff submits various documents from the Oil & Gas Board for the State of Mississippi, noting, "Interestingly, Halcon Resources is identified in various filings associated with acquiring a permit from the State of Mississippi." [Doc. #64 at 2]. Defendant argues these documents constitute inadmissible hearsay, "because Plaintiff has failed to satisfy the requirements for a public record under Rule 803(8) of the Federal Rules of Evidence," and because Plaintiff has failed to properly authenticate these documents pursuant to Fed. R. Evid. 901(a).[7] [Doc. #71 at 3-4]. Assuming for present purposes this evidence would be properly admissible at trial, the documents contain no

---

[7] While two of these documents perhaps are self-authenticating pursuant to Fed. R. Evid. 902(1), they nevertheless appear to have no relevance to the accident sued upon. [*See* Doc. 64 at 26-27].

information relating to any activity at the Well having any relevance to Plaintiff's accident.[8] Accordingly, the Court finds this evidence fails to support the essential elements of Plaintiff's claim - namely, that Halcón Resources owed Plaintiff a duty, that it breached that duty, or that its substandard conduct was the cause in fact of Plaintiff's injuries.

Finally, Plaintiff submits a Certificate of Liability Insurance procured by Pioneer (i.e., the "Insured") in accordance with the Master Service Agreement between Halcón Operating and Pioneer. The Master Service Agreement required Pioneer to obtain various types of insurance naming the "Company Group (as defined in the Contract) as additional insureds." [Doc. # 36-5 at 15 (emphasis omitted)]. The Master Service Agreement defines "Company Group" in pertinent part as Halcón Operating, "its parent, subsidiaries, [and] affiliated companies . . . ." *Id.* at 3, 5; *see also Coleman* at 8. Defendant argues this document constitutes inadmissible hearsay, as it does "not satisfy the requirements of a business record within the scope of Rule 803(6) of the Federal Rules of Evidence," and it is not properly identified or authenticated in conformity with Fed. R. Evid. 901(a). [Doc. #71 at 3-4]. Assuming this document would be properly admissible at trial, it has no bearing on the accident sued upon other than to show Halcón Resources is named as an additional insured on certain insurance policies issued to Pioneer.

In sum, even assuming the exhibits tendered by Plaintiff are capable of being presented in a form that would be admissible in evidence at trial, Plaintiff has failed to articulate the precise

---

[8]The three above-referenced documents all appear to be records maintained by the Oil and Gas Board for the State of Mississippi, primarily addressing environmental regulatory issues. [Doc. #64 at 26-28]. The first appears to provide "Verbal Authority [to Halcón Resources] to transport oil and/or gas from: . . . Blackstone 4H #2 . . . ." *Id.* at 26. The second appears to show pre-compliance with the "Operator's Responsibility for Land Disposal (Landfarming) of Approved Exploration and Production Waste from a Reserve Pit." *Id.* at 27. The third document is a "Radiation Survey for Oil Field NORM." *Id.* at 28.

manner in which these exhibits support his claims. Specifically, Plaintiff has failed to point to evidence in the record showing Halcón Resources had sufficient involvement in the activities at the Well such that Halcón Resources owed a duty to Plaintiff. Further, even assuming Halcón Resources did owe a duty to Plaintiff, Plaintiff has failed to point to any evidence in the record showing Halcón Resources breached its duty, or that its breach was the cause in fact of Plaintiff's injuries. To the extent Plaintiff contends Halcón Resources' status as the parent corporation of Halcón Operating gives rise to such a duty, the Court finds that argument fails. "A bedrock principle of corporate law is that 'a parent corporation . . . is not liable' for actions taken by its subsidiaries."[9] *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006) (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)); *see also Bujol v. Entergy Services, Inc.*, 2003-0492 (La. 5/25/04); 922 So.2d 1113, 1128. Accordingly, the Court finds Plaintiff has failed to show a genuine dispute exists for trial, and therefore summary judgment in favor of Halcón Resources is warranted as a matter of law.

V.  **Conclusion**

For the reasons set forth above, the Motion for Summary Judgment [Doc. 61] submitted by Halcón Resources is **GRANTED**. Accordingly, Plaintiff's claims asserted against Halcón Resources are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this **21** day of March, 2018.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[9]Plaintiff has made no argument that any equitable doctrine, such as the "single business enterprise" theory or "alter ego" theory, is applicable in this matter.